L. E. ROBINSON v. J. H. HANCOCK

196 So. 418
Division B
Opinion Filed May 24, 1940

230

*R. K. Bell,* for Appellant;

*Earl D. Farr,* for Appellee.

CHAPMAN, J.—This case is before the Court on appeal from a final decree of foreclosure entered by the Circuit Court of Charlotte County, Florida. The bill of complaint is in usual form and on May 1, 1939, the defendant, L. E. Robinson, filed an answer to the foreclosure suit. While the answer admits many of the material allegations of the bill of complaint, at the same time he states in the answer that certain payments have, from time to time, been made on the mortgage indebtedness but a credit therefor has not been placed on the note evidencing the indebtedness.

On April 11, 1939, an order of reference was entered by the lower court and a hearing was had before the Special Master on May 24, 1939, at Punta Gorda, Florida, when evidence was taken or offered by the plaintiff below. Counsel for defendant was notified of the time and place of the hearing but failed to appear and represent his client at the hearing before the Special Master. The case was heard on final hearing upon due notice to counsel interested in the case and a final decree was entered on November 9, 1939.

An appeal has been perfected to this Court for the final decree and several reasons advanced for the reversal thereof. We have examined each of these assignments and hold that the same were without merit. Counsel for the appellant had from May 1, 1939, to the date of final hearing on November 9, 1939, in which to perfect the pleadings in behalf of his client and to take testimony thereunder. The record

fails to show that he applied to the Chancellor below for such an order as the law would sustain and when advised as to the time and place of hearing before the Special Master, counsel failed or omitted to attend and place in the record testimony in behalf of his client. The case was heard on final hearing before the Chancellor and the final decree recites, "that due and legal notice of this hearing has been served on Attorneys of record."

We have carefully examined the transcript, briefs of counsel and authorities cited and the record is free from error and the final decree should be affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Chief Justice TERRELL and Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.